```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 10/14/2020
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

THEODORE SIMPSON,

                                         Petitioner,

                    -against-

WILLIAM F. KEYSER,

                                         Respondent.

1:20-CV-6408 (AJN)

ORDER

ALISON J. NATHAN, United States District Judge:

Petitioner, currently incarcerated in the Sullivan Correctional Facility, appears *pro se* and brings a "Notice of Motion for Judicial Intervention" in which he seeks: (1) his immediate release into house-arrest status due prison officials' alleged failure to control the spread of COVID-19 in his prison, and (2) to challenge the imposition of at least one of his Bronx County sentences. By order dated September 28, 2020, the Court granted Petitioner's request to proceed *in forma pauperis* ("IFP").

The Court construes Petitioner's submission as seeking *habeas corpus* relief under 28 U.S.C. § 2254 from both the imposition and execution of what appear to be Petitioner's Bronx County sentences. *See James v. Walsh*, 308 F.3d 162, 167 (2d Cir. 2002) ("[A] state prisoner may challenge either the imposition or the execution of a sentence under Section 2254."). For the reasons discussed below, the Court directs Petitioner to show cause why his claims challenging the imposition of his Bronx County sentences should not be transferred to the United States Court of Appeals for the Second Circuit as second or successive. The Court also grants Petitioner an opportunity to withdraw any remaining claims for *habeas corpus* relief. If Petitioner wishes to proceed with any of those claims for relief under § 2254, the Court grants Petitioner leave to file an amended petition for a writ of *habeas corpus* under § 2254.

## STANDARD OF REVIEW

The Court may entertain a petition for a writ of *habeas corpus* on "behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Under Rule 4 of the Rules Governing § 2254 Cases, the Court has the authority to review and deny a § 2254 petition without ordering a responsive pleading from the State "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rules Governing § 2254 Cases, Rule 4; *see Acosta v. Nunez*, 221 F.3d 117, 123 (2d Cir. 2000). The Court is obliged, however, to construe *pro se* pleadings liberally and interpret them "to raise the strongest arguments they *suggest*." *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted, emphasis in original); *see Williams v. Kullman*, 722 F.2d 1048, 1050 (2d Cir. 1983). Nevertheless, a *pro se* litigant is not exempt "from compliance with relevant rules of procedural and substantive law." *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983) (internal quotation marks and citation omitted).

## BACKGROUND

Petitioner states that prison officials are failing to follow guidelines to prevent the spread of COVID-19 at the Sullivan Correctional Facility. He asserts that he filed a petition for a writ of *habeas corpus* in what appears to be the New York Supreme Court, Sullivan County, under N.Y.C.P.L.R. Art. 70, and that the state court has converted that proceeding into one under N.Y.C.P.L.R. Art. 78. But he does not describe the status of that proceeding or any decisions resulting from it. He also does not state whether he has appealed any of those decisions to higher state courts.

In addition to challenging his immediate custody, Petitioner seems to challenge the imposition of at least one of his Bronx County sentences. While he does not identify the

conviction(s) he is challenging, he does assert that he was wrongfully convicted. (ECF 1, at 9.)

He also attaches a copy of an excerpt of a letter to him from the Office of the Bronx County

District Attorney in which that office responds to his request for copies of transcripts related to

his 1996 and 1998 Bronx County indictments, and to his contention that his conviction resulting

from his 1996 indictment was "impaired." (*Id.* at 2.) He further attaches a copy of the June 21,

2001 decision by the New York Supreme Court, Appellate Division, First Department, in which

that court affirmed his November 30, 1998 Bronx County conviction. (*Id.* at 21); *see People v.

Simpson*, 284 A.D. 2d 238 (1st Dep't), *leave denied*, 96 N.Y. 2d 942 (2001).

## DISCUSSION

**A.**    **Second or successive challenges to the imposition of Petitioner's sentences**

Petitioner seems to challenge the imposition of at least one of his Bronx County

sentences. The proper vehicle to bring such a challenge is a petition for a writ of *habeas corpus*

under 28 U.S.C. § 2254. *See James*, 308 F.3d at 167. But before a second or successive § 2254

petition may be filed in a federal district court, authorization from the appropriate federal court

of appeals is required. 28 U.S.C. § 2244(b)(3)(A). A submission is a second or successive *habeas

corpus* petition if a previous *habeas corpus* petition attacking the same conviction or sentence

was adjudicated on the merits. *See, e.g.*, *Graham v. Costello*, 299 F.3d 129, 132 (2d Cir. 2002).

Petitioner has previously brought in this Court *habeas corpus* challenges to the

imposition of Bronx County sentences; those § 2254 petitions were denied on the merits*. See

Simpson v. Greene*, ECF 1:03-CV-6323, 7 (S.D.N.Y. Dec. 18, 2003) (denying *habeas corpus*

petition challenging 1998 Bronx County conviction as untimely and for otherwise lacking merit),

*appeal dismissed*, No. 04-1702 (2d Cir. June 10, 2004); *Simpson v. Portuondo*, No. 01-CV-8744,

2002 WL 31045862 (S.D.N.Y. June 4, 2002) (recommending denying *habeas corpus* petition

challenging another 1998 Bronx County conviction on the merits), *report & recommendation*

*adopted*, ECF 01-CV-8744, 25 (S.D.N.Y. Mar. 31, 2003), *appeal dismissed*, No. 03-2388 (2d Cir. Sept. 18, 2003); *Simpson v. Portuondo*, No. 01-CV-1379, 2001 WL 830946 (S.D.N.Y. July 12, 2001) (recommending denying *habeas corpus* petition challenging 1996 Bronx County conviction on the merits), *report & recommendations adopted*, ECF 01-CV-1378, 10 (S.D.N.Y. Aug. 16, 2002), *appeal dismissed*, No. 02-2664 (2d Cir. Aug. 5, 2003).

Thus, if Petitioner is again challenging, in this action, the imposition of any his Bronx County sentences that he previously challenged in *habeas corpus* petitions that were denied on the merits, the Court must transfer those claims to the Second Circuit as second or successive. This Court is not required to provide Petitioner with an opportunity to withdraw those clams before transferring them. *See Jiminian v. Nash*, 245 F.3d 144, 148 (2d Cir. 2001). But because Petitioner is proceeding *pro se*, and does not specify which conviction(s) he is challenging, the Court directs Petitioner to show cause, within 60 days, why the Court should not transfer his claims challenging the imposition of his Bronx County sentences to the Second Circuit as second or successive.

**B.    Petitioner's remaining claims for relief**

The Court construes Petitioner's remaining claims, including his claims for relief from his immediate custody, as additional claims for *habeas corpus* relief under § 2254. *See James*, 308 F.3d at 167. If Petitioner does not want to pursue those claims under § 2254, he must notify the Court in writing within 60 days that he wishes to withdraw them. *See Cook v. New York State Div. of Parole*, 321 F.3d 274, 281-82 (2d Cir. 2003).

**C.    Leave to file an amended petition**

If Petitioner wishes to proceed with his remaining claims for relief under § 2254, the Court grants him leave to file an amended petition for a writ of *habeas corpus* under § 2254 within 60 days. Petitioner's amended petition must comply with the following directions:

1.   **Rule 2(c) of the Rules Governing Section 2254 Cases**

A state prisoner seeking *habeas corpus* relief under § 2254 must submit a petition that conforms to the Rules Governing Section 2254 Cases. Rule 2(c) of those rules requires a petition to specify all the petitioner's available grounds for relief, setting forth the facts supporting each ground, and stating the relief requested. A petition must permit the Court and the respondent to comprehend both the petitioner's grounds for relief and the underlying facts and legal theory supporting each ground so that the issues presented in the petition may be adjudicated.

The present submission does not conform to the requirements of Rule 2(c) because it fails to specify all Petitioner's grounds for relief and the facts supporting those grounds. The Court therefore grants Petitioner leave to file an amended petition that conforms to the requirements of Rule 2(c).

2.   **Exhaustion of state-court remedies**

A state prisoner seeking *habeas corpus* relief under § 2254 must also show in his petition that he exhausted all available state-court remedies before filing his petition, or that his failure to exhaust those remedies was for a recognized reason. *See* § 2254(b)(1) ("An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that – (A) the applicant has exhausted the remedies available in the courts of the State; or (B)(i) there is an absence of available State corrective process; or (ii) circumstances exist that render such process ineffective to protect the rights of the applicant."). This exhaustion requirement means that generally, the state courts must be given the first opportunity to review constitutional errors associated with a petitioner's confinement. *O'Sullivan v. Boerckel*, 526 U.S. 838, 844 (1999). A petitioner may satisfy the exhaustion requirement by fairly presenting his claims through a state's established appellate review

process. *Id.* at 845. "A petitioner has 'fairly presented' his claim only if he has 'informed the state court of both the factual and legal premises of the claim he asserts in federal court.'" *Dorsey v. Kelly*, 112 F.3d 50, 52 (2d Cir. 1997) (quoting *Daye v. Attorney General*, 696 F.2d 186, 191 (2d Cir. 1982)).

In order to exhaust the available remedies of the New York State courts for the purpose of § 2254 federal *habeas corpus* review, a petitioner must appeal the relevant judgment of the trial court to an intermediate appellate court, which is usually the Appellate Division. *See* N.Y. Crim. Proc. Law § 460.70; N.Y.C.P.L.R. § 7011; *Pollack v. Patterson*, No. 10-CV-6297, 2012 WL 2369493, at *3 (S.D.N.Y. June 22, 2012); *O'Kane v. Kirkpatrick*, No. 09-CV-6400, 2011 WL 2470522, at *4 (W.D.N.Y. June 20, 2011). If the Appellate Division's decision adversely affects the petitioner, he should then seek leave to appeal to the New York Court of Appeals, the highest New York State court. N.Y. Crim. Proc. Law § 460.20; *Pollack*, 2012 WL 2369493, at *3; *O'Kane*, 2011 WLL 2470522, at *4; *see Bagley v. LaVallee*, 332 F.2d 890, 892 (2d Cir. 1964). And if a petitioner asserts grounds for relief that he originally raised in a postconviction motion in the trial court under N.Y. Crim. Proc. Law §§ 440.10 or 440.20, he must show that he also asserted those grounds when seeking leave to appeal the denial of that motion in the Appellate Division. *See Ramos v. Walker*, 88 F. Supp. 2d 233, 234-35 (S.D.N.Y. 2000).

The only facts that Petitioner provides about his efforts to exhaust his available state-court remedies are that he has sought relief from his immediate confinement in a petition for a writ of *habeas corpus* filed in the New York Supreme Court, Sullivan County, under N.Y.C.P.L.R. Art. 70, and that the state court has converted that proceeding into one for relief under N.Y.C.P.L.R. Art. 78. He alleges no facts about the status of that proceeding, whether the state court has issued decisions in that proceeding, or whether he has appealed those decisions.

6

The Court therefore grants Petitioner leave to file an amended petition in which he either shows that he has exhausted the available state-court remedies with regard to his grounds for federal *habeas corpus* relief or why his failure to exhaust those remedies should be excused. If Petitioner pursued any state-court remedies, he should list the remedies he sought, the grounds he asserted during those proceedings, the result of those proceedings, whether he appealed, the courts to which he appealed, the grounds on which he appealed, and the results of his appeals.[1]

## CONCLUSION

The Clerk of Court is directed to mail a copy of this order to Petitioner and note service on the docket. The Court construes Petitioner's claims as seeking *habeas corpus* relief under 28 U.S.C. § 2254. The Court directs Petitioner to show cause, within 60 days of the date of this order, why his claims challenging the imposition of his Bronx County sentences should not be transferred to the United States Court of Appeals for the Second Circuit as second or successive. The Court also grants Petitioner 60 days to submit written notification to the Court of his withdrawal of his remaining claims for § 2254 *habeas corpus* relief. The Court further grants Petitioner 60 days' leave to submit an amended petition for a writ of *habeas corpus* under § 2254 containing the information specified above. If Petitioner files an amended petition, the Court will

---

[1] Petitioner should note that a person in state custody must generally file a § 2254 petition within one year from the latest of the four following benchmark dates: (1) when the judgment for which the petitioner is in custody becomes final; (2) when a government-created impediment to making such a petition is removed; (3) when the constitutional right asserted is initially recognized by the Supreme Court of the United States, if it has been made retroactively available to cases on collateral review; or (4) when the facts supporting the claim(s) could have been discovered through the exercise of due diligence. *See* 28 U.S.C. § 2244(d)(1)(A)-(D). But this limitations period is subject to equitable tolling. *Holland v. Florida*, 560 U.S. 631, 649 (2010). Petitioner must allege facts in his amended petition showing why this action is timely. If he is unable to do so, he should allege any facts that show that he has been pursuing his rights diligently and that some extraordinary circumstance prevented him from commencing this action in a timely fashion. *See id.*

7

understand that filing as Petitioner's consent to proceed with his claims for relief under § 2254. Petitioner may list, in his amended petition, his reasons why his claims challenging the imposition of his Bronx County sentences should not be transferred to the Second Circuit.

The amended petition must be submitted to the Court's Pro Se Intake Unit, be captioned as an "Amended Petition," and bear the same docket number as this order. An Amended Petition Under 28 U.S.C. § 2254 form is attached to this order, which Petitioner should complete as specified above. Petitioner is advised that if he files an amended petition, it will completely replace his original pleading. If Petitioner fails to comply with this order within the time allowed, and cannot show good cause to excuse such failure, the Court will deny Petitioner's claims for *habeas corpus* relief without prejudice.

Because Petitioner has not at this time made a substantial showing of a denial of a constitutional right, a certificate of appealability will not issue. *See* 28 U.S.C. § 2253.

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:    October 7, 2020
          New York, New York

_____
            ALISON J. NATHAN
          United States District Judge

AO 241
(Rev. 06/13)

## Petition for Relief From a Conviction or Sentence
## By a Person in State Custody

**(Petition Under 28 U.S.C. § 2254 for a Writ of Habeas Corpus)**

### Instructions

1.    To use this form, you must be a person who is currently serving a sentence under a judgment against you in a state court.  You are asking for relief from the conviction or the sentence.  This form is your petition for relief.

2.    You may also use this form to challenge a state judgment that imposed a sentence to be served in the future, but you must fill in the name of the state where the judgment was entered.  If you want to challenge a federal judgment that imposed a sentence to be served in the future, you should file a motion under 28 U.S.C. § 2255 in the federal court that entered the judgment.

3.    Make sure the form is typed or neatly written.

4.    You must tell the truth and sign the form.  If you make a false statement of a material fact, you may be prosecuted for perjury.

5.    Answer all the questions.  You do not need to cite law.  You may submit additional pages if necessary.  If you do not fill out the form properly, you will be asked to submit additional or correct information.  If you want to submit a brief or arguments, you must submit them in a separate memorandum.

6.    You must pay a fee of $5.  If the fee is paid, your petition will be filed.  If you cannot pay the fee, you may ask to proceed in forma pauperis (as a poor person).  To do that, you must fill out the last page of this form.  Also, you must submit a certificate signed by an officer at the institution where you are confined showing the amount of money that the institution is holding for you.  If your account exceeds $ _____ , you must pay the filing fee.

7.    In this petition, you may challenge the judgment entered by only one court.  If you want to challenge a judgment entered by a different court (either in the same state or in different states), you must file a separate petition.

8.    When you have completed the form, send the original and _____ copies to the Clerk of the United States District Court at this address:

**Clerk, United States District Court for**
**Address**
**City, State  Zip Code**

9.    <u>**CAUTION:**</u> **You must include in this petition all the grounds for relief from the conviction or sentence that you challenge.  And you must state the facts that support each ground.  If you fail to set forth all the grounds in this petition, you may be barred from presenting additional grounds at a later date**.

10.    <u>**CAPITAL CASES:**</u> **If you are under a sentence of death, you are entitled to the assistance of counsel and should request the appointment of counsel**.

AO 241                                                                                                                                     Page 2
(Rev. 06/13)                                                **AMENDED**

### PETITION UNDER 28 U.S.C. § 2254 FOR WRIT OF
### HABEAS CORPUS BY A PERSON IN STATE CUSTODY

| **United States District Court** | District: |
|---|---|

| Name (under which you were convicted): | Docket or Case No.: |
|---|---|

| Place of Confinement : | Prisoner No.: |
|---|---|

| Petitioner (include the name under which you were convicted) | Respondent (authorized person having custody of petitioner) |
|---|---|
| | v. |

The Attorney General of the State of

**AMENDED**

**PETITION**

1.      (a) Name and location of court that entered the judgment of conviction you are challenging:

        (b) Criminal docket or case number (if you know):

2.      (a) Date of the judgment of conviction (if you know):

        (b) Date of sentencing:

3.      Length of sentence:

4.      In this case, were you convicted on more than one count or of more than one crime?      ❒  Yes      ❒  No

5.      Identify all crimes of which you were convicted and sentenced in this case:

6.      (a) What was your plea? (Check one)

                         ❒   (1)      Not guilty           ❒   (3)      Nolo contendere (no contest)

                         ❒   (2)      Guilty               ❒   (4)      Insanity plea

(b) If you entered a guilty plea to one count or charge and a not guilty plea to another count or charge, what did you plead guilty to and what did you plead not guilty to?

(c) If you went to trial, what kind of trial did you have? (Check one)

❒ Jury    ❒ Judge only

7.    Did you testify at a pretrial hearing, trial, or a post-trial hearing?

❒ Yes    ❒ No

8.    Did you appeal from the judgment of conviction?

❒ Yes    ❒ No

9.    If you did appeal, answer the following:

(a) Name of court:

(b) Docket or case number (if you know):

(c) Result:

(d) Date of result (if you know):

(e) Citation to the case (if you know):

(f) Grounds raised:

(g) Did you seek further review by a higher state court?    ❒ Yes    ❒ No

If yes, answer the following:

(1) Name of court:

(2) Docket or case number (if you know):

(3) Result:

(4) Date of result (if you know):

(5) Citation to the case (if you know):

(6) Grounds raised:

(h) Did you file a petition for certiorari in the United States Supreme Court?   ❐  Yes      ❐  No

If yes, answer the following:

(1) Docket or case number (if you know):

(2) Result:

(3) Date of result (if you know):

(4) Citation to the case (if you know):

10.     Other than the direct appeals listed above, have you previously filed any other petitions, applications, or motions

concerning this judgment of conviction in any state court?      ❐  Yes      ❐  No

11.     If your answer to Question 10 was "Yes," give the following information:

(a)     (1) Name of court:

(2) Docket or case number (if you know):

(3) Date of filing (if you know):

(4) Nature of the proceeding:

(5) Grounds raised:

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

❐  Yes      ❐  No

(7) Result:

(8) Date of result (if you know):

(b) If you filed any second petition, application, or motion, give the same information:

    (1) Name of court:

    (2) Docket or case number (if you know):

    (3) Date of filing (if you know):

    (4) Nature of the proceeding:

    (5) Grounds raised:

    (6) Did you receive a hearing where evidence was given on your petition, application, or motion?

    ❏ Yes    ❏ No

    (7) Result:

    (8) Date of result (if you know):

(c) If you filed any third petition, application, or motion, give the same information:

    (1) Name of court:

    (2) Docket or case number (if you know):

    (3) Date of filing (if you know):

    (4) Nature of the proceeding:

    (5) Grounds raised:

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

❒ Yes        ❒ No

(7) Result:

(8) Date of result (if you know):

(d) Did you appeal to the highest state court having jurisdiction over the action taken on your petition, application,

or motion?

(1) First petition:        ❒ Yes        ❒ No

(2) Second petition:     ❒ Yes        ❒ No

(3) Third petition:       ❒ Yes        ❒ No

(e) If you did not appeal to the highest state court having jurisdiction, explain why you did not:


12.      For this petition, state every ground on which you claim that you are being held in violation of the Constitution,
        laws, or treaties of the United States.  Attach additional pages if you have more than four grounds.  State the facts
        supporting each ground.

        **CAUTION: To proceed in the federal court, you must ordinarily first exhaust (use up) your available
        state-court remedies on each ground on which you request action by the federal court.  Also, if you fail to set
        forth all the grounds in this petition, you may be barred from presenting additional grounds at a later date.**

**GROUND ONE:**


(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):


(b) If you did not exhaust your state remedies on Ground One, explain why:

(c)    **Direct Appeal of Ground One:**

    (1) If you appealed from the judgment of conviction, did you raise this issue?    ❒ Yes    ❒ No

    (2) If you did not raise this issue in your direct appeal, explain why:

(d) **Post-Conviction Proceedings:**

    (1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

        ❒ Yes    ❒ No

    (2) If your answer to Question (d)(1) is "Yes," state:

    Type of motion or petition:

    Name and location of the court where the motion or petition was filed:

    Docket or case number (if you know):

    Date of the court's decision:

    Result (attach a copy of the court's opinion or order, if available):

    (3) Did you receive a hearing on your motion or petition?    ❒ Yes    ❒ No

    (4) Did you appeal from the denial of your motion or petition?    ❒ Yes    ❒ No

    (5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?    ❒ Yes    ❒ No

    (6) If your answer to Question (d)(4) is "Yes," state:

    Name and location of the court where the appeal was filed:

    Docket or case number (if you know):

    Date of the court's decision:

    Result (attach a copy of the court's opinion or order, if available):

    (7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have

used to exhaust your state remedies on Ground One:


**GROUND TWO:**


(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):


(b) If you did not exhaust your state remedies on Ground Two, explain why:


(c)       **Direct Appeal of Ground Two:**

(1) If you appealed from the judgment of conviction, did you raise this issue?            ❏  Yes        ❏  No

(2) If you did <u>not</u> raise this issue in your direct appeal, explain why:


(d)       **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

❏  Yes        ❏  No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition:

Name and location of the court where the motion or petition was filed:


Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(3) Did you receive a hearing on your motion or petition?                    ❏   Yes        ❏   No

(4) Did you appeal from the denial of your motion or petition?               ❏   Yes        ❏   No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?   ❏   Yes   ❏   No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

(e)     **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you :

        have used to exhaust your state remedies on Ground Two

**GROUND THREE:**

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

AO 241
(Rev. 06/13)

(b) If you did not exhaust your state remedies on Ground Three, explain why:

(c)     **Direct Appeal of Ground Three:**

(1) If you appealed from the judgment of conviction, did you raise this issue?       ❒ Yes       ❒ No

(2) If you did not raise this issue in your direct appeal, explain why:

(d)     **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

        ❒ Yes       ❒ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition:

Name and location of the court where the motion or petition was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(3) Did you receive a hearing on your motion or petition?                          ❒ Yes       ❒ No

(4) Did you appeal from the denial of your motion or petition?                     ❒ Yes       ❒ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?   ❒ Yes       ❒ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

(e)     **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you

have used to exhaust your state remedies on Ground Three:

**GROUND FOUR:**

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

(b) If you did not exhaust your state remedies on Ground Four, explain why:

(c)     **Direct Appeal of Ground Four:**

(1) If you appealed from the judgment of conviction, did you raise this issue?          ❏     Yes          ❏     No

(2) If you did not raise this issue in your direct appeal, explain why:

(d)     **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

          ❏     Yes          ❏     No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition:

AO 241
(Rev. 06/13)

Name and location of the court where the motion or petition was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(3) Did you receive a hearing on your motion or petition?            ❏   Yes      ❏   No

(4) Did you appeal from the denial of your motion or petition?       ❏   Yes      ❏   No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?   ❏   Yes   ❏   No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

(e)      **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you

have used to exhaust your state remedies on Ground Four:

13.    Please answer these additional questions about the petition you are filing:

(a)    Have all grounds for relief that you have raised in this petition been presented to the highest state court having jurisdiction?    ❏ Yes    ❏ No

If your answer is "No," state which grounds have not been so presented and give your reason(s) for not presenting them:

(b)    Is there any ground in this petition that has not been presented in some state or federal court?  If so, which ground or grounds have not been presented, and state your reasons for not presenting them:

14.    Have you previously filed any type of petition, application, or motion in a federal court regarding the conviction that you challenge in this petition?    ❏ Yes    ❏ No

If "Yes," state the name and  location of the court, the docket or case number, the type of proceeding, the issues raised, the date of the court's decision, and the result for each petition, application, or motion filed.  Attach a copy of any court opinion or order, if available.

15.    Do you have any petition or appeal now pending (filed and not decided yet) in any court, either state or federal, for the judgment you are challenging?    ❏ Yes    ❏ No

If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the issues raised.

AO 241
(Rev. 06/13)

16.     Give the name and address, if you know, of each attorney who represented you in the following stages of the
        judgment you are challenging:

        (a) At preliminary hearing:


        (b) At arraignment and plea:


        (c) At trial:


        (d) At sentencing:


        (e) On appeal:


        (f) In any post-conviction proceeding:


        (g) On appeal from any ruling against you in a post-conviction proceeding:



17.     Do you have any future sentence to serve after you complete the sentence for the judgment that you are

        challenging?            ❒  Yes      ❒  No

        (a) If so, give name and location of court that imposed the other sentence you will serve in the future:



        (b) Give the date the other sentence was imposed:

        (c) Give the length of the other sentence:

        (d) Have you filed, or do you plan to file, any petition that challenges the judgment or sentence to be served in the

        future?              ❒  Yes      ❒  No

18.     TIMELINESS OF PETITION: If your judgment of conviction became final over one year ago, you must explain

        why the one-year statute of limitations as contained in 28 U.S.C. § 2244(d) does not bar your petition.*



Tab to continue "TIMELINESS OF PETITION" on next page.

---

\* The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C. § 2244(d) provides in

part that:

(1)    A one-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody  pursuant to the judgment of a State court.  The limitation period shall run from the latest of -

    (A)    the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

    (B)    the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such state action;

    (C)    the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

    (D)    the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2)      The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Therefore, petitioner asks that the Court grant the following relief:

or any other relief to which petitioner may be entitled.

_____
Signature of Attorney (if any)

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Petition for Writ of Habeas Corpus was placed in the prison mailing system on _____ (month, date, year).

Executed (signed) on _____ (date).

_____
Signature of Petitioner

If the person signing is not petitioner, state relationship to petitioner and explain why petitioner is not signing this petition.

| Print | Save As... | Reset |